## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN STAVA,                                          :
               Plaintiff,              :
                             :
               v.                          :    Civil No.:  5:25-cv-02392-JMG
                             :
CITY OF LANCASTER, *et al*,            :
               Defendants.            :

## MEMORANDUM OPINION

**Gallagher, J.**                                                                      **August 7, 2025**

The Complaint here alleges Defendant Smith, an officer for the Lancaster Police Department, forcefully pushed Plaintiff to the ground at a political rally while escorting a person under arrest. Plaintiff has brought claims against Defendant Smith for unreasonable use of force, violation of First Amendment rights, assault and battery, and against the City of Lancaster ("The City") for municipal liability. Defendant City of Lancaster's Motion to Dismiss is granted.

### I.     BACKGROUND

Plaintiff Susan Stava was working as a freelance photojournalist at a rally for Donald Trump held at the Convention Center in Lancaster, Pennsylvania on October 20, 2024. ECF No. 1, at ¶ 1. Around six o'clock in the evening, Plaintiff observed the Lancaster police executing an arrest of a protester and escorting that individual away from the site where the rally was being held. *Id*. Plaintiff was recording these events by camera when she was forcefully pushed to the ground by Defendant "without cause, justification, or warning." *Id*. at ¶ 11. Plaintiff suffered injuries to her head, neck, and left arm, and had to be transported to the Lancaster Hospital for an examination and treatment. *Id*. at ¶ 12. She subsequently filed a civilian complaint with the Internal Investigations Unit ("IAD") of the Police Department, who reviewed video evidence from the encounter and conducted a full investigation before determining that Officer Smith was not at fault

1

under its "training, policies, and procedures." *Id*. at ¶¶ 2, 14-16. Plaintiff filed suit in this Court

against Officer Smith and the City of Lancaster on May 12, 2025. ECF No. 1.  The City moved to

dismiss Plaintiff's claim against it under Federal Rule of Civil Procedure 12(b)(6) on July 11, 2025.

ECF No. 7.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at

556). "Although the plausibility standard does not impose a probability requirement, it does require

a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly*

*v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept

unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual

allegation." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*,

719 F.3d 160, 165 (3d Cir. 2013)).

## III.    DISCUSSION

The City has moved to dismiss Plaintiff's claim against it on the grounds that it cannot be held

liable under a theory of *respondeat superior* and Plaintiff has failed to establish municipal liability

under *Monell v. Dep't of Social Services*. 436 U.S. 658 (1978). "A municipality cannot be held

liable solely because it employs a tortfeasor—or, in other words, . . . on a *respondeat superior*

theory." *Id*. at 691. "[A] § 1983 claim against a municipality may proceed in two ways. A plaintiff

may put forth that an unconstitutional policy or custom of the municipality led to his or her injuries, or that they were caused by a failure or inadequacy by the municipality that reflects a deliberate or conscious choice." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (internal citations and quotations omitted).

### a. Policy-Custom Claims

Under the first theory of liability, a Plaintiff must establish the existence of a custom or policy and demonstrate the "'affirmative link between the policy or custom and the particular constitutional violation [she] alleges.'" *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict," and "[c]ustom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (internal citations and quotations omitted).

Although it is not entirely clear to the Court whether Plaintiff is alleging the existence of an unconstitutional policy-custom, the Court will nonetheless, address the argument raised in the City's Motion to Dismiss that "Plaintiff failed to allege any facts which would evidence that a policy was the 'moving force' behind a constitutional tort," or that there was "a prior pattern of similar incidents of constitutional violations that demonstrate the City of Lancaster approved of an unjustified use of force." ECF No. 7, at 8. Plaintiff's municipal liability claim is based on the fact that after she "filed a civilian complaint with the Internal Investigation Unit ("IAD") of Defendant City of Lancaster's Police Department," upon completing "a full investigation, including a review of video footage of the event—that clearly showed defendant [Smith] forcefully and intentionally pushing plaintiff to the ground—" the IAD issued a report finding that Defendant Smith "followed

the Bureau's training, policies, and procedures." ECF No. 1, at ¶ 2 (internal quotations omitted). Plaintiff alleges in her opposition brief that "there are more than plausible grounds to assert that [the finding of the IAD] reflects a practice and custom of ignoring evidence of misconduct and/or the existence of policy in the departmental rules and regulations authorizing unreasonable force." ECF No. 9, at 3. These allegations are insufficient to state a claim for municipal liability on the basis of a policy or custom because at the outset, Plaintiff has not "'specif[ied] what exactly that custom or policy was'" that allegedly caused the violation of her constitutional rights. *Carr v. City of Phila.*, 560 F. Supp. 3d 845, 849 (E.D. Pa. 2021) (quoting *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) ("To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was.")).

Plaintiff has failed to identify an "official proclamation, policy, or edict by a decisionmaker" possessing final authority. *See Forrest*, 930 F.3d, at 105. Plaintiff's argument raised in her opposition brief, that the City maintained a policy authorizing the use of unreasonable force, is insufficient to state a claim of municipal liability where she has not pointed to a specific policy by City decisionmakers to this effect. *Hightower v. City of Phila.*, 130 F.4th 352, 356 (3d Cir. 2025) (finding the plaintiff failed to state a claim for municipal liability where it argued broadly that the city maintained a policy or practice of not separating inmates by security-risk level but could not "identify any policy saying that"). The Third Circuit has rejected similar general allegations of an unconstitutional policy as conclusory, and the Court finds the same here. *Harper v. Cnty. of Delaware*, 779 F. App'x. 143, 147 (3d Cir. 2019) ("[W]e agree that Harper's allegation in this regard were too conclusory. Harper referred generally to 'policies, procedures, customs and/or practices' without identifying any specific policies or otherwise providing any reason to believe that they exist, let alone that they caused his claimed injury. . . These conclusory allegations are insufficient."); *see Courney v. City of Englewood*, 2025 WL 2017252, at *2 (D.N.J., July 17, 2025)

4

(finding that Plaintiff's allegations were conclusory where Plaintiff alleged that Defendants maintained a policy of restricting speech based on its religious content and viewpoint, but failed to "elaborate on what the Defendants' 'policies and practice[s]' were or provide even somewhat granular information as to how they have been applied to him").

Similarly, Plaintiff has failed to show that the City maintained a custom of ignoring evidence of police misconduct and that this custom was a proximate cause of the violation of her constitutional rights. First, she has not alleged facts to support the notion that the conduct of ignoring evidence of misconduct was "so well-settled and permanent" among City decisionmakers as virtually to constitute law. Even if it were true that the City ignored evidence of Defendant Smith's misconduct in its investigation of Plaintiff's civilian complaint, that does not ipso facto establish that this type of ignorant conduct was a permanent practice among City decisionmakers. Besides Plaintiff's conclusory allegation that the City made a habit of this type of conduct, she has not provided evidence or examples of any other instances where this has happened before. *Cf. Est. of Roman,* 914 F.3d at 799 (finding that plaintiff alleged a custom of constitutional violations where the city had received prior complaints accusing officers of conducting improper searches and making false arrests and a consent decree was issued after the plaintiff's arrest which addressed the same type of unlawful conduct); *Oliver v. City of Phila.*, 2025 WL 1902298, at *10-11 (E.D. Pa. July 9, 2025) (finding that plaintiff pled a custom where he "allege[d] the existence of numerous cases that precede[d] his investigation in 1997 and in which PPD officers were determined to have coerced false statements from witnesses"). Therefore, Plaintiff has not made a prima facie showing of a custom. Second, Plaintiff has not plausibly alleged that the City of Lancaster "had knowledge 'of similar unlawful conduct in the past, … failed to take precautions against future violations, and that [its] failure, at least in part, led to [Plaintiff's] injury,'" *Hargrove v. City of Phila.*, 671 F. Supp. 3d 595, 606 (E.D. Pa. 2023) (quoting *Est. of Roman*, 914 F.3d at

798). The Court concludes that Plaintiff is not entitled to relief for her claim of municipal liability

on the basis of an unconstitutional custom under any reasonable reading of the Complaint. *See*

*Phillips v. Cnty. Of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008). There are insufficient factual

allegations to support the notion that the City knew from prior instances that its officers were

engaging in the unconstitutional use of force against journalists and either encouraged that conduct

through improper IAD investigations or failed to take precautions against future violations, which

led to Plaintiff's injury. The Third Circuit has held that "'[a] single incident of police misbehavior

by a single policeman is insufficient as *sole* support for an inference that a municipal policy or

custom caused the incident.'" *Brown v. City of Pittsburgh*, 586 F.3d 263, 292 (3d Cir. 2009)

(quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 832 (1985) (Brennan, J. concurring)).

Therefore, the single incident of IAD's false factual finding during its investigation of Plaintiff's

civilian complaint, taken as true, is insufficient on its own to establish that the City maintained a

custom of clearing officers of misconduct charges, and that this custom was affirmatively linked

to Plaintiff's injury.

   b.  **Failure-or-Inadequacy Claims**

Plaintiff also attempts to state a claim for municipal liability on the basis of failure to "train,

supervise, and discipline its officers with respect to First, Fourth, and Fourteenth Amendment

rights of civilians and journalists." ECF No. 1, at ¶ 18. Specifically, she argues "[t]he fact that the

Police Department found no fault under its training, policies, and procedures, where video

evidence showed a deliberate use of unjustified force, reflects deliberate indifference by the

Department to the right of plaintiff to lawfully document and report on a presidential election rally

and protest." ECF No. 1, at ¶ 16 (internal quotations omitted). "[A] plaintiff advancing a claim

predicated on a municipality's failure or inadequacy in training, supervision, or otherwise is spared

from demonstrating the existence of an unconstitutional policy or custom" but must make a

showing that the municipal policymakers acted with deliberately indifference. *Forrest*, 930 F.3d, at 117. "Under *Monell*, deliberate indifference requires 'proof that a municipal actor disregarded a known or obvious consequence of his action.' Ordinarily, this means that a plaintiff must show that '[a] pattern of similar constitutional violations' put the city on notice that, by failing to act, it was being deliberately indifferent to [journalists'] rights." *Hightower*, 130 F.4th at 357 (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997)) (quoting *Connick v. Thompson,* 563 U.S. 51, 62 (2011)); *Est. of Roman,* 914 F.3d at 798 (quoting *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011)) ("Deliberate indifference is proven where a plaintiff shows that '(1) municipal policymakers know that employees will confront a particular situation[,] (2) the situation involves a difficult choice or a history of employees mishandling[,] and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights.'").

Plaintiff's claim under this second theory of liability is insufficient because she has not alleged facts showing that the City acted with deliberate indifference. "Usually, 'a pattern of similar constitutional violations by untrained employees is necessary to demonstrate deliberate indifference for purposes of failure to train.' . . . This is because '[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.'" *Hargrove,* 671 F. Supp. 3d at 606 (quoting *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222, 223 (3d Cir. 2014)). As discussed above, Plaintiff has not put forth specific allegations of a pattern of similar constitutional violations that would have put the City on notice of the consequences of its actions. Although she asserts that the City "knew that journalists were covering [the rally event] and were permitted access to the area," she fails to show that the City was aware of the risk of violating journalists' constitutional rights by clearing them of misconduct charges during IAD investigations, and decided not to do anything to prevent that outcome. ECF No. 1, at ¶ 19. In

addition, Plaintiff has not explained why the training the City provided to police officers was deficient or what specific training, supervision, or discipline would have prevented her injury. *Leathers v. Russo*, 2025 WL 327313, at *5 (E.D. Pa. Jan. 29, 2025) (citing *Weber v. Erie Cnty.*, 2020 WL 5983275, at *4 (W.D. Pa. Oct. 8, 2020)). Rather, Plaintiff argues in a sweeping fashion that the Lancaster Police Department failed to train its officers about the First, Fourth, and Fourteenth Amendment rights of civilians and journalists generally. ECF No. 1, at ¶ 18. Plaintiff's Complaint is deficient of facts which show deliberate indifference, an essential element of a claim of municipal liability based on failure to train, discipline, or supervise.

"Where a complaint contains only conclusory allegations, it 'fail[s] to satisfy the 'rigorous standards of culpability and causation' required for municipal liability.'" *Leathers*, 2025 WL 327313, at *5 (quoting *Young v. City of Chester* 764 F. App'x 262, 265 (3d Cir. 2019)); *see Oliver*, 2025 WL 1902298, at *10 (quoting *McTernan*, 564 F.3d at 659) ("Allegations that 'simply paraphrase[]' the standard for municipal liability are too vague and generalized to support a *Monell* claim."). Plaintiff's Complaint raises only conclusory allegations regarding Defendant City of Lancaster's alleged unconstitutional policy-custom or failure to train, supervise, or discipline its officers about the First, Fourth, and Fourteenth Amendment rights of civilians and journalists. Plaintiff expects the Court to assume that because the IAD's investigation concluded that Defendant Smith did not use excessive force during his encounter with Plaintiff; therefore, the City must have had a policy, custom, or training deficiency that resulted in officers being cleared of misconduct charges during IAD investigations, thereby encouraging them to engage in the unconstitutional use of force. Even if it is true that such a policy-custom or failure exists within the City, Plaintiff has not made a showing that she is entitled to relief on either theory of municipal liability. *McTernan*, 564 F.3d at 658  (quoting *Phillips,* 515 F.3d at 231–32) ("As noted above,

Fed. R. Civ. P. 8(a)(2) 'requires a showing, rather than a blanket assertion, of entitlement to relief' that rises 'above the speculative level.'" (internal quotations omitted)).

However, in the Third Circuit it is a well-accepted principle that "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *Mullin v. Balicki,* 875 F.3d 140, 151 (3d Cir. 2017). Therefore, Plaintiff will be granted leave to amend her Complaint as to Count III.

## IV.    CONCLUSION

It is difficult to fathom *any* deficient *Monell* claim if all that is required is the municipality's disagreement with the allegation of misconduct. Plaintiff's bootstrapping argument falls short. For the foregoing reasons, Defendant City of Lancaster's Motion to Dismiss (ECF No. 7) is granted and Count III of Plaintiff's Complaint is dismissed. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge